UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON SERNA,<br><br>    Plaintiff,<br><br>    v.<br><br>JACKSON, et al.,<br><br>    Defendants. | CAUSE NO. 3:20-CV-695-RLM-MGG |

OPINION AND ORDER

Brandon Serna, a prisoner without a lawyer, filed a complaint against Dr. Jackson, Dr. Liaw, and Ms. Livers alleging that he received constitutionally inadequate medical treatment for his gastro-esophageal reflex disease ("GERD") while incarcerated at Westville Correctional Facility. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Serna alleges that when he was transferred to the Westville Correctional Facility on October 16, 2019, he had 300 doses or ten boxes of Pepcid in his property. The Pepcid had been prescribed for the treatment of GERD. Two and a half months after his arrival, on January 2, 2020, Mr. Serna

submitted a health care request asking that his Pepcid be refilled. Ms. Livers, the Health Care Administrator, responded by indicating that no more refills were available, but that Mr. Serna could purchase Pepcid from commissary. Mr. Serna says Ms. Livers was incorrect about him being out of refills and incorrect about Pepcid being available from commissary. As a result of her error, Mr. Serna alleges that he experienced severe pain for several months. According to Mr. Serna, Pepcid was available from commissary beginning in February 2020 - the month after his request. Mr. Serna doesn't allege that he couldn't afford to purchase Pepcid from commissary.

In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

It is unclear why, if Mr. Serna arrived with enough Pepcid for approximately ten months, he needed to request a refill just two and a half months later. It's also unclear if other medications to treat GERD were available

2

to Mr. Serna through commissary during the roughly one-month period where Pepcid was unavailable. And, while Mr. Serna's allegations against Ms. Livers suggest that she might have been wrong, it's unclear why Mr. Serna believes that Ms. Livers was deliberately indifferent to his needs. Neither negligence nor incompetence amount to deliberate indifference. *See* Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004); Minix v. Canarecci, 597 F.3d 824, 831-32 (7th Cir. 2010). No reasonable fact finder could plausibly infer from Mr. Serna's allegations that Ms. Livers was deliberately indifferent to his serious medical condition.

Mr. Serna has also sued Dr. Jackson and Dr. Liaw. He alleges that they failed to properly supervise Ms. Livers, and this caused his treatment with Pepcid to be discontinued. Mr. Serna doesn't allege that either Dr. Jackson or Dr. Liaw were directly involved in making treatment decisions related to his GERD. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). The doctrine of *respondeat superior,* which allows an employer to be held liable for subordinates' actions in some types of cases, doesn't apply in § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993). Mr. Serna may not proceed against Dr. Jackson or Dr. Liaw.

While it seems unlikely that Mr. Serna will be able to state a claim, given the facts presented in his complaint, the court will give him a chance to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013).

If Mr. Serna decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Brandon Serna; and

(2) GRANTS Mr. Serna until **December 14, 2020**, to file an amended Complaint.

If Mr. Serna doesn't respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 16, 2020

        s/ Robert L. Miller, Jr.
        JUDGE
        UNITED STATES DISTRICT COURT