UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON SERNA,

        Plaintiff,

            v.                            CAUSE NO. 3:20-CV-695-RLM-MGG

JACKSON, et al.,

        Defendants.

OPINION AND ORDER

Brandon Serna, a prisoner without a lawyer, filed an amended complaint against Health Service Administrator Ms. Livers alleging that she violated his constitutional right to adequate medical treatment for his gastro-esophageal reflex disease, known as "GERD," while he was incarcerated at Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Serna alleges that he was transferred to the Westville Correctional Facility on October 16, 2019. Upon arrival, he was provided with a small amount of Pepcid, which had been prescribed for the treatment of GERD. By January 2, he needed more Pepcid. He submitted a health care request asking that his

Pepcid be refilled. Ms. Livers, the Health Care Administrator, responded by indicating that no more refills were available, but he could buy Pepcid from commissary. Mr. Serna indicates that Ms. Livers should have been aware of his need for Pepcid from his medical records and that she was wrong about Pepcid being available from commissary. According to Mr. Serna, Pepcid wasn't available from commissary until February - the month after his request. As a result of the error, Mr. Serna alleges that he experienced severe pain for several months.

In medical cases, the Constitution is violated only when a defendant is deliberately indifferent to an inmate's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

Mr. Serna alleges only that Ms. Livers responded to a single request for more Pepcid in January by incorrectly advising Mr. Serna that he could purchase it from commissary instead of referring his request to a physician. As explained in this court's order screening Mr. Serna's original complaint, neither negligence

2

nor incompetence amount to deliberate indifference. *See* Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004); Minix v. Canarecci, 597 F.3d 824, 831-832 (7th Cir. 2010). Mr. Serna's amended complaint doesn't allege facts from which it can be plausibly alleged Ms. Livers was deliberately indifferent to his serious medical needs when she responded to his health care request asking for additional Pepcid.

For the reasons set forth above, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the second amended complaint does not state a claim for which relief can be granted.

SO ORDERED on December 3, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT