UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON SERNA,<br><br>    Plaintiff,<br><br>    v.<br><br>JACKSON, et al.,<br><br>    Defendants. | CAUSE NO. 3:20-CV-695-RLM-MGG |

OPINION AND ORDER

Brandon Serna, a prisoner without a lawyer, initiated this case by filing a complaint that didn't state a claim upon which relief could be granted. On November 16, 2020, the court have him an opportunity to file an amended complaint. The court set a deadline of December 14, 2020, for him to amend his complaint. Mr. Serna filed his amended complaint on November 30. The amended complaint also didn't state a claim on which relief could be granted, and the court dismissed the case on December 3. Now, Mr. Serna has filed a motion seeking to "reawaken" his closed case, which this court construes as a motion for reconsideration.

Because he filed the motion within 28 days of the entry of judgment, the court looks to the substance of the motion to determine whether it should be analyzed under Federal Rule of Civil Procedure 59(e) or 60(b). <u>Obriecht v. Raemisch</u>, 517 F.3d 489, 493-494 (7th Cir. 2008). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment

under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (internal citation omitted). Neither a Rule 59 motion nor a Rule 60 motion is appropriately used to make arguments that should have been made before judgment. Miller v. Safeco Ins. Co. of Am., 683 F.3d 805, 813 (7th Cir. 2012); Karraker v. Rent-A-Ctr., Inc., 411 F.3d 831, 837 (7th Cir. 2005).

Mr. Serna asserts that the COVID-19 pandemic and restricted law library access kept him from amending his complaint by the December 14 deadline. That's inaccurate. Mr. Serna amended his complaint. ECF 10. The court didnr grant Mr. Serna a second opportunity to amend. Mr. Serna has attached a proposed amended complaint to his motion that names an additional defendant, Wexford of Indiana, LLC. Mr. Serna's motion points to no manifest error of law or fact, mistake, excusable neglect, newly discovered evidence, or fraud. Instead, it appears that Mr. Serna has a new theory of liability – that Wexford's policies or customs caused his injury - and he simply wants another bite at the apple. He has provided no basis for providing him with such an opportunity here.

For these reasons, the motion seeking reconsideration (ECF 14) is DENIED.

SO ORDERED on January 7, 2021

                                                          s/ Robert L. Miller, Jr.
                                                          JUDGE
                                                          UNITED STATES DISTRICT COURT